## MORGAN et al. v. MOUNT OLIVE GRAND CHAPTER, O. E. S., OF JURISDICTION OF LOUISIANA.

### No. 1552.

Court of Appeal of Louisiana. First Circuit.

Feb. 20, 1936.

Charles E. Fernandez, of Franklin, for appellants.

Lester Pailet, of New Orleans, for appellee.

DORE, Judge.

Plaintiffs, the alleged son and husband, respectively, of one Clara Navous, instituted this suit to enforce an alleged claim against the defendant, a fraternal society.

The deceased, Clara Navous, became a member on February 10, 1931, of the Silver Leaf Chapter No. 262, of the defendant society. The said Clara Navous died in the parish of St. Mary on December 6, 1932.

As against the claim of plaintiffs, the defendant interposed three defenses:

First. That the said Clara Navous, at the time of her death, was not in good standing, having been suspended for the nonpayment of dues for three months or more prior to her death.

Second. That the entire Silver Leaf Chapter, No. 262, of which the said Clara Navous had become a member, was suspended in February, 1932, and dropped from the rolls of defendant's society.

Third. That plaintiffs were not the son and husband of the deceased, and therefore not entitled to the proceeds of the policy herein sued upon.

There was judgment by the lower court for the defendant, and plaintiffs have appealed.

We shall discuss the defenses in the order as listed above.

 In order that plaintiffs may recover, it was incumbent upon them to prove that Clara Navous was in good standing at the time of her death. In order to do so, the plaintiffs offered the testimony of Rosa Brown, the matron, and Susie Owens, the financial secretary, of the subordinate lodge, and which lodge, at the time of the trial of this cause, was no longer in good standing, nor was it in good standing at the death of the said Clara Navous.

In their attempt to prove that Clara Navous was in good standing at the time of death, plaintiffs offered the financial book of Clara Navous, and which was marked "P-3," and proceeded to verify the same by the testimony of the matron and the financial secretary. This book shows the following entries:

| Year | Dues | Ass't No. | Spec'l Asst. | When Paid | Secretary. |
|---|---|---|---|---|---|
| 1931 | | | | | |
| Jan. | | | 1.50 | | |
| Feb. | 25¢ | 50¢ | | 2–11 | S.O.V. |
| Mar. | 25 | 50 | | 2–11 | S.O.V. |
| Apr. | 25 | 50 | | 2–11 | S.O.V. |
| May | 25 | 50 | | 5–27 | S.O.V. |
| June | 26 | 50 | | 5–27 | S.O.V. |
| July | 25 | 50 | | 5–27 | S.O.V. |
| Aug. | 25 | 50 | | 5–27 | S.O.V. |
| Sept. | 25 | 50 | | 1–13 | S.O.V. |
| Oct. | 25 | 50 | ° | 1–13 | S.O.V. |
| Nov. | 25 | 50 | | 1–13 | S.O.V. |
| Dec. | 25 | 50 | | 1–13 | S.O.V. |
| 1932 | | | | | |
| Jan. | 05 | 50 | 1.50 | 1–13 | S.O.V. |
| Feb. | 05 | 50 | | 1–13 | S.O.V. |
| Mar. | 05 | 50 | | 1–13 | S.O.V. |
| Apr. | 05 | 50 | | 1–13 | S.O.V. |
| May | 05 | 50 | | 1–13 | S.O.V. |
| June | 05 | 50· | | 1–13 | S.O.V. |
| July | 05 | 50 | | 1–13 | S.O.V. |
| Aug. | 05 | 50 | | 1–13 | S.O.V. |
| Sept. | 05 | 50 | | 1–13 | S.O.V. |

In testifying in the beginning Rosa Brown, the matron, testified that Clara Navous paid the sum of $9.50 in October, 1931, and that the same was in full payment of all her dues to September, 1932, save and except the local lodge dues, and that she signed the book in lieu of Susie Owens, the secretary, who was then absent.

However, she testified that the local dues had been discontinued in June, 1931. She attempted to correct the entries of "1–13" by stating that it should have been "11–13"; but it strikes us as remarkable that she should have made the same mistake some thirteen times. We believe that to be an afterthought on her part and the entries made thereafter. Rosa Brown on cross-examination failed to explain why she should have entered local dues on the financial book when she had previously testified that the same had been discontinued in June, 1931. Her testimony is so full of contradictions that we do not give it much credence or put much faith into it. As stated before, we feel that it was nothing more than an afterthought.

The testimony of Susie Owens, the financial secretary of the local lodge, can likewise be said to be unbelievable, and in truth and in fact to be also an afterthought of these witnesses, attempting to obtain for the plaintiffs something which is not legally due.

From the facts of this case, we are convinced that the first defense urged by the defendant to be well taken; and having reached that conclusion, it becomes unnecessary for us to pass upon the other questions.

Furthermore, this being a case solely based upon questions of facts, and the lower court having solved these in favor of the defendant herein, we cannot say that he is manifestly in error, but on the contrary approve both his finding of fact and his application of the law governing the facts as found by him.

Judgment affirmed.